IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   No. 1:12 CV 146 |
| | ) |
| STATE OF INDIANA, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

Anthony C. Martin, a *pro se* plaintiff, filed an implausible complaint and an *in forma pauperis* petition. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578

F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint, the twenty-ninth civil action Martin has had before this court, does not met these standards. Here, Martin alleges that these seventeen defendants are liable to him pursuant to 42 U.S.C. § 1983 and § 1985 as well as several state law claims. He alleges that they are co-conspirators. He alleges that he has a substantive due process claim, an equal protection claim, a 1st, 4th, and 14th Amendment claim. He alleges that he has been retaliated against as well as unlawfully searched and seized without explaining how, when, or by whom. He alleges that unidentified policies are unconstitutional for unspecified reasons. He alleges a failure to intervene, train, or correct illegal actions of subordinate employees without identifying either the actions or the employees. He alleges harassment, neglect, racial discrimination, irrational and malicious applications of the law, defamation, false arrest, malicious prosecution, and battery. He says that he has been injured as a result of an excessive use of force and subjected to unconstitutional conditions in the jail. He alleges he has been subjected to double jeopardy and that he is a class of one. What he does not do is provide a factual

basis for these claims from which the court can plausibly conclude that these defendants are liable to him. Though reciting the elements of these various causes of action would have been insufficient to state a claim, he does not even do that.

What he has done is explain that he has been involved in 32 or more traffic stops since the first of this year, but he does not say when, by whom, or why. These stops appear to have been effectuated by three different law enforcement agencies. He explains that he has attempted to obtain legal assistance and that he has complained to various governmental agencies. He explains that he has been held in jail, appeared before state court judges, and been released on bond. He has also attached 146 pages of exhibits. These include various filings and court orders in *Martin v. New Haven Police*, 1:00-CV-197 (N.D. Ind. filed May 4, 2000); *Martin v. Ross*, 1:08-CV-199 (N.D. Ind. filed August 26 2008); *Martin v. York*, 1:08 CV 246 (N.D. Ind. filed October 21, 2008); *Martin v. Fort Wayne Police Department*, 1:09 CV 048 (N.D. Ind. filed February 20, 2009); *Martin v. Fort Wayne Police Department*, 1:11 CV 346 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 347 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 348 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 349 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 350 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 351 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 352 (N.D. Ind. filed October 6, 2011); *Martin v. Fort Wayne Police Department*, 1:11 CV 403 (N.D. Ind. filed November 23, 2011); and

*Martin v. State of Indiana*, 1:12 CV 069 (N.D. Ind. filed February 29, 2012). He has included traffic tickets from 2010, various state court filings, and several Fort Wayne Police Department documents. He has also attached a number of complaint letters he has written and various responses he has received.

In sum, the complaint is little more than a grand conspiracy theory about how the State of Indiana, the Allen Superior Courts, four state court judges, the Allen County Prosecuting Attorney, the Allen County Sheriff and members of the Sheriff's Department, the Indiana State Police, the City of Fort Wayne, its Mayor and Police Department are out to get him. However, based on this complaint and its attachments, none of the alleged actions by these defendants plausibly give rise to a cause of action. Vague and conclusory allegations of a conspiracy state no claim upon which relief can be granted under 42 U.S.C. § 1985. *Amundsen v. Chicago Park District*, 218 F.3d 712, 718 (7th Cir. 2000). Neither do vague and conclusory allegations of a conspiracy state a claim under any other legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore this case will be dismissed. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible.")

Moreover, filing this frivolous complaint alleging a conspiracy based on more than a dozen different legal theories, without a factual basis, was malicious. Filing this case appears to be little more than a thinly veiled attempt to harass these defendants and abuse the judicial process. Abusive behavior may be sanctioned. *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 46 (1991). The United States Supreme Court has stated approvingly that, "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n. 8 (1989) quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

  In light of his previous history before this court, Martin's behavior in this case supports the imposition of a severe sanction. In 2009, he was restricted from proceeding *in forma pauperis* for two years. That sanction was imposed because he had lied to the court about his financial status. However, before selecting a sanction in this case, it is important for the court to consider alternatives. *See Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011). The court could direct the clerk to refuse to file any papers submitted by Martin in any civil case. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Such a sanction would thereby bar him from litigating any of the fourteen other civil cases that he currently has pending. Such a prohibition would be justified because this is not the first time that Martin has been sanctioned. Nevertheless, the court believes that a full restriction precluding any civil litigation in this court would be too severe a sanction at this time. Though commonly a fine would be a reasonable lesser sanction,

"[m]onetary sanctions are generally not as effective against a *pro se* plaintiff proceeding as a pauper . . .." *Id.* Therefore the court will not impose a fine at this time. Thus, even though it is a lenient sanction under the circumstances, the court will merely dismiss this case and caution Martin that if he files another frivolous or malicious lawsuit, he may then be sanctioned by being restricted from any further civil litigation in this court.

For the forgoing reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and **CAUTIONS** Anthony C. Martin that if he files another frivolous or malicious lawsuit, he may be sanctioned by being restricted from any further civil litigation in this court.

**SO ORDERED.**

Date: May 30, 2012

                                s/James T. Moody  
                                JUDGE JAMES T. MOODY  
                                UNITED STATES DISTRICT COURT